Affirmed and Opinion filed January 20, 2005









Affirmed
and Opinion filed January 20, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00177-CR

____________

 

CARL WAYNE
CHAMBERS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 9408112

 



 

O P I N I O N

This is an appeal from the denial of
appellant=s post-conviction motion for DNA testing
under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings three issues challenging the
trial court=s order denying relief.  We affirm.

Background








In 1994, appellant entered a plea of
guilty to the offense of murder.  He was
convicted and the court assessed punishment at forty-five years in the
Institutional Division of the Texas Department of Criminal Justice.  In 2002, appellant filed a motion requesting
post-conviction DNA testing pursuant to chapter 64 of the Texas Code of
Criminal Procedure.  Appellant sought DNA
testing of evidence from the murder including a pistol, thirty-seven live
cartridges, one fired cartridge case, and three fired bullets.  Appellant contends DNA testing will reveal
his co-defendant=s fingerprints on the evidence and will
conclusively prove his co-defendant was the triggerman.  The State filed a response to appellant=s motion
contending that even if DNA evidence were found on the evidence, it would not
provide exculpatory results.  In other
words, even if appellant=s co-defendant=s fingerprints
were on the pistol and ammunition, it would not conclusively prove appellant
did not participate in the murder.  The
trial court denied appellant=s motion and filed
findings of fact and conclusions of law. 


In its findings, the trial court
determined appellant failed to (1) show the evidence contained any biological
matter on which forensic DNA testing could be conducted, (2) show by a
preponderance of the evidence that a reasonable probability exists that
appellant would not have been prosecuted or convicted if exculpatory results
had been obtained through DNA testing, and (3) meet the requirements of article
64.03(a)(2) of the Texas Code of Criminal Procedure concerning his burden of
proof.

Appellant filed a notice of appeal in this
court challenging the trial court=s ruling.  Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).








A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant filed a
pro se response in which he contends the trial court erred in denying his
motion for DNA testing because (1) DNA testing should issue when identity is an
issue, (2) latent fingerprints are a member of the DNA family to warrant
issuance of DNA testing, and (3) the trial court abused its discretion in
denying DNA testing when critical exculpatory evidence was destroyed prior to
the hearing on appellant=s motion.

Standard of
Review and Applicable Law

We review a trial court=s decision to deny
a motion for post‑conviction DNA testing under a bifurcated standard of
review.  Rivera v. State, 89
S.W.3d 55, 59 (Tex. Crim. App. 2002). 
Accordingly, we afford almost total deference to the trial court=s determination of
historical fact issues and the application of law to the fact issues that turn
on credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether the trial court was required to grant a motion for DNA
testing under Chapter 64 of the Texas Code of Criminal Procedure.  See id.

Before post‑conviction DNA testing
may be ordered, certain criteria set forth in the statute must be established: 

(a) A convicting court may order
forensic DNA testing under this chapter only if: 

(1) the court
finds that: 

(A) the evidence: 

(i) still exists
and is in a condition making DNA testing possible; and 

(ii) has been subjected to a chain
of custody sufficient to establish that it has not been substituted, tampered
with, replaced, or altered in any material respect; and 

(B) identity was
or is an issue in the case; and 

(2) the convicted
person establishes by a preponderance of the evidence that: 

(A) the person
would not have been convicted if exculpatory results had been obtained through
DNA testing; and 








(B) the request
for the proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice.

 

Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon
Supp.2004).  By its explicit terms,
Chapter 64 does not require the trial court to grant a request for DNA testing
unless the statutory preconditions are met. 
Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

Discussion

In his first two issues, appellant
contends the trial court erred in denying his motion for post-conviction DNA
testing because (1) DNA testing should be conducted when identity is an issue
and (2) latent fingerprints warrant DNA testing.  Article 64.03(a)(2)(A) of the Code of Criminal Procedure
requires the convicted individual to establish by a preponderance of the
evidence that a reasonable probability exists that he or she would not have
been prosecuted or convicted if exculpatory results had been obtained through
DNA testing.  The Court of Criminal
Appeals has interpreted that language as meaning a reasonable probability
exists that exculpatory DNA tests will prove a convicted individual=s innocence.  Skinner v. State, 122 S.W.3d 808, 811
(Tex. Crim. App. 2003).

Here, appellant sought testing of a
pistol, cartridges, a fired cartridge, and bullets.  Assuming the evidence contained biological
matter that could be tested for DNA, it would not prove appellant=s innocence.  Appellant contends DNA testing would reveal
his co-defendant=s fingerprints on the evidence.  That alone will not conclusively prove
appellant did not participate in the murder. 
Therefore, appellant failed to meet his burden of showing a reasonable
probability that favorable test results would establish his innocence.  Appellant=s first and second
issues are overruled.








In his third issue, appellant contends the
trial court abused its discretion in denying DNA testing when critical
exculpatory evidence was destroyed prior to the filing of his motion.  Appellant waived this complaint by failing to
first raise it in the trial court.  Hull
v. State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); Tex. R. App. P. 33.1.  Further, the trial court cannot order DNA
testing if the evidence does not exist.  See
Tex. Code Crim. Proc. Ann.
art. 64.03(a)(1)(A)(i) (Vernon Supp. 2004). 
Appellant=s third issue is overruled.

The judgment of the trial court is
affirmed.

 

 

 

PER CURIAM

 

 

 

Judgment
rendered and Opinion filed January 20, 2005.

Panel consists
of Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).